# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEUTSCHE BANK NATIONAL
TRUST COMPANY as Trustee for
HSI Asset Securitization Corporation
Trust 2007-HE1 Mortgage Pass-Through
Certificates, Series 2007-HE1,

       Plaintiff,                  :        Case No. 3:07-cv-227

                                           District Judge Walter Herbert Rice

   -vs-                                     Chief Magistrate Judge Michael R. Merz

                                       :

SANDEE SCHAEFER, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This private foreclosure action is before the Court on Plaintiff's Motion for Default Judgment against Defendant Sandee Schaefer (Doc. No. 16). The Motion is unopposed and the time for opposition under S. D. Ohio Civ. R. 7.2 has expired.

The case was referred to the undersigned pursuant to the Dayton location of court General Order of Assignment and Reference as amended through July 5, 2007. A motion for default judgment is a dispositive motion on which a magistrate judge is limited to recommending a disposition. *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999).

The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of Dayton, County of Montgomery, State of Ohio and being lot numbered 18515 of the consecutive numbers of lots on the revised plat of the said City of Dayton, Ohio, together with grantor's right, title and interest in and to a 5 foot vacated alley adjoining to said lot numbered 18515 to the East thereof.

The Clerk has entered the default of Defendant Sandee Schaefer (Doc. No. 18) and the Court has dismissed the case as to the party designated as the unknown spouse of Sandee Schaefer (Notation Order Granting Doc. No. 14).

Upon examination of the documentation filed in this case, the Magistrate Judge finds that it appears to comply with this Court's General Order 07-03.

The Magistrate Judge recommends that the Court find the following facts:

1. The Defendant against whom default judgment is sought has been properly served with process and the Complaint and is in default for want of answer or other responsive pleading;

2. Defendant Sandee Schaefer executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due;

3. Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and the mortgage referenced in the Note (the "Mortgage");

4. Sandee Schaefer executed and delivered the Mortgage;

5. Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note;

6. The Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made, the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed;

7. There is due on the Note principal in the amount of $80,526.67 plus interest on the principal amount at the rate of 10.65% per annum from February 1, 2007, until the date judgment is entered;

8. The Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property, the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. The Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Ohio Revised Code § 323.47 should be paid from the proceeds of the sale before any distribution is made to other lien holders.

Accordingly, the Magistrate Judge respectfully recommends:

1. The Court enter judgment in favor of the Plaintiff and against Defendant Sandee Schaefer in the amount of $80,526.67 plus interest on the principal amount at the rate of 10.65% per annum from February 1, 2007, until the date judgment is entered;

2. Unless the sums found to be due to Plaintiff are fully paid within the time allowed by law, the equity of redemption of the Defendant title holders be foreclosed and the Property be sold free of the interests of all parties to this action subject to redemption under law;

3. The Court appoint a special master from the Court's approved list of special masters for foreclosure actions and direct the special master to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court, giving notice of the time and place of the sale of the Property to all persons who have an interest in the Property pursuant to Ohio Revised Code § 2329.26.

September 4, 2007.

                                                s/ **Michael R. Merz**
                                            Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with

this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).